**Linda J. Larkin**, OSB# 792954
E-mail: larkinl@bennetthartman.com
**BENNETT, HARTMAN, MORRIS & KAPLAN, LLP**
210 SW Morrison Street, Suite 500
Portland, OR   97204-3149
Telephone:  503-227-4600
Facsimile:  503-248-6800
**Attorney for All Plaintiffs**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| OREGON AND SOUTHWEST WASHINGTON NECA-IBEW ELECTRICAL WORKERS AUDIT COMMITTEE,<br><br>Plaintiff,<br><br>vs.<br><br>HORTON ELECTRIC COMPANY,<br><br>Defendant. | Civil No. 3:18-cv-1100<br><br>COMPLAINT<br><br>(ERISA Action for Delinquent Contributions and To Compel Audit; Pendent Claims for Breach of Agreement) |

**PARTIES**

1.     At all material times hereto, Plaintiff the Oregon-Southwest Washington NECA-IBEW Electrical Workers Audit Committee, comprised of Timothy J. Gauthier and Gary Young (the "Audit Committee"), was and is the designated collection agent for the trustees of the Trust Funds, authorized to collect from signatory employers the fringe benefit contributions and other amounts required to be paid by employers or

withheld from their employees' wages, under the Collective Bargaining Agreements ("CBAs") and the provisions of the Trust Agreements.

2. Pursuant to the terms of the CBAs, and pursuant to policies and procedures agreed upon by the Oregon-Columbia Chapter of National Electrical Contractors Association ("NECA"), International Brotherhood of Electrical Workers, Local 48 ("Local 48"), International Brotherhood of Electrical Workers Harrison Electrical Workers Trust Fund ("Harrison Trust"), Edison Pension Trust ("Edison Trust"), National Electrical Benefit Fund ("NEBF"), International Brotherhood of Electrical Workers District No. 9 Pension Plan ("District 9 Pension Plan"), NECA-IBEW Electrical Training Trust ("Training Trust"), and the Barnes-Allison Labor-Management Cooperation Trust Committee ("BALMCC"), the Audit Committee is authorized to take appropriate action, on behalf of the Trust Funds and Local 48 to collect all amounts owed by an employer under, and enforce the terms of, the CBAs requiring payment of wage withholdings, fringe benefit contributions, interest, liquidated damages, and collection costs.

3. At all material times hereto, Harrison Trust is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq.* of ERISA. Harrison Trust is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

4. At all material times hereto, Edison Trust is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq.* of the Employee Retirement Income Security Act of 1974, as amended (ERISA). Edison Trust is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

5. At all material times hereto, NEBF is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq.* of ERISA. NEBF is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

6. At all material times hereto, District No. 9 Pension Plan is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq.* of ERISA. District 9 Pension Plan is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

7. At all material times hereto, the Training Trust was and is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq.* of ERISA. The Training Trust is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

8. At all material times hereto, BALMCC was and is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq.* of ERISA. BALMCC is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

9. At all material times hereto, Local 48 is a labor organization with its principal office and place of business in Multnomah County, Oregon, representing employees of the defendant.

10. Herein the Harrison Trust, the Edison Trust, NEBF, the Training Trust, BALMCC, and District 9 Pension together will be collectively referred to as the Trust Funds ("Trust Funds").

11. At all material times hereto, defendant Horton Electric Company (hereafter "Horton Electric") was and is an Oregon corporation registered to do business in Oregon as Horton Electric Company.

## JURISDICTION AND VENUE

12. This court has jurisdiction over the First and Second claims for Relief brought pursuant to Sections 502 and 515 of ERISA, 29 USC §§ 1132 and 1145, and pursuant to 29 USC §185.

13. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 USA § 1132.

14. At all material times to this proceeding, defendant Horton Electric was bound by written CBAs with Local 48.

15. Plaintiffs maintain their principal office, within the meaning of 29 USC § 1132(k), in the District of Oregon.

16. By virtue of the provisions in the CBAs, Horton Electric agreed to be bound to the terms of the Trust Agreements for each fringe benefit fund, and acknowledged, accepted, and agreed to the delegation of the collection authority to the Audit Committee.

17. The Trust Agreements provide that plaintiffs may initiate legal proceedings in Multnomah County, Oregon.

18. The Court should assume pendent jurisdiction over the Third and Fourth Claims for Relief against defendant which alleges breach of contract for the following reasons:

   a. The Court has jurisdiction over Plaintiffs' First Claim and Second Claims for Relief which allege violations of ERISA and of the LMRA;

b. The Third and Fourth Claims for breach of contract are based upon the same operative facts which are alleged in Plaintiffs' ERISA and LMRA claims; and

c. Judicial economy, convenience and fairness to the parties will result if the Court assumes and exercises pendent jurisdiction over Plaintiffs' Third and Fourth Claims for Relief.

**FIRST CLAIM FOR RELIEF**

**(ERISA ACTION FOR OUTSTANDING TRUST FUND CONTRIBUTIONS AND SPECIFIC ENFORCEMENT OF THE CBA)**

19. Plaintiffs re-allege and incorporate by this reference paragraphs 1 through 18 of this complaint as if set forth in full.

20. Under the terms of the CBAs, Horton Electric agreed to report labor performed by its employees and pay all contribution and withholdings required under the CBAs and applicable Trust Agreements.

21. Under the CBAs, Horton Electric also agreed:

a. To file contribution reports for each period of covered employment;

b. To pay contributions and amounts owing by the fifteenth (15th) day of the month following each applicable period;

c. To pay liquidated damages to the Trust Funds for each month of delinquent contributions;

d. To pay interest at the rate of 1.0 percent per month from the date contributions were due, until paid; and

e. To pay reasonable attorney fees and costs for all collection efforts.

22. Defendant Horton Electric filed reporting but failed to properly fund reports as required under the terms of the CBAs for the hours worked in January and February 2018, respectively due on February 15, 2018 and March 15, 2018.

23. The total contributions due as disclosed by reporting submitted by Defendant for hours worked in January and February 2018 is in the sum of $6,744.22 after application of all credits due, all of which remain outstanding and unpaid.

24. Based upon the unpaid contributions which Horton Electric owes to the Trust Funds, liquidated damages to which the Trust Funds are entitled under the Agreements and 29 USC § 1132(g)(2) in the sum of $183.82. Liquidated damages are calculated at ten percent of the contributions due for January, 2018, and at the maximum rate of twenty percent of the contributions due for February, 2018, based on the provisions of the Trust Agreements.

25. Based upon the unpaid contributions owing to the Trust Funds under 29 USC § 1132(g) (2) and the Trust Agreements now due and owing from Horton Electric is interest on the unpaid contributions at the rate of one (1.0%) percent per month from the date contributions were due until paid or the sum of $173.80 calculated through June 20, 2018.

26. The Trust Agreements which govern the Trust Funds provide that in the event that defendant Horton Electric fails to pay employee benefit contributions and legal proceedings are instituted, the Trust Funds are entitled to recover a reasonable attorney fee and all their costs to be determined herein.  Plaintiffs are also entitled to their reasonable attorney fees and costs under the provisions of 29 USC § 1132(g) (2).

/ / /

/ / /

## SECOND CLAIM FOR RELIEF

## INTERLOCUTORY RELIEF OF AUDIT OF RECORDS

27. Plaintiffs re-allege paragraphs 1 through 26 above as if fully set forth herein.

28. Under the terms of the collective bargaining agreements between Horton Electric and Local 48 and the terms of the Trust Agreements of the Trust Funds, Horton Electric agrees to make payments for fringe benefits as provided for in said agreements each month on behalf of each employee covered by the collective bargaining agreements. Horton Electric agrees thereby to be bound by the terms of the Trust Agreements and the acts and determinations of the Trustees.

29. No reporting or payment of hours worked by employees working for Horton Electric was submitted to the Trust Funds for the period of March 1, 2018 to the present.

30. The terms of the Trust Agreements provide that the Trustees or their representative may audit or cause the audit or inspection of the records at Horton Electric in connection with contributions and reports. Horton Electric should be required to submit to such an audit. The audit is necessary to determine the accurate amount owing to the Trust funds for the periods of March 1, 2018 to the present because no reporting has been received for these months and to further verify the accuracy of reporting from January 2018 to the present.

31. Demand was made upon Horton Electric for reporting and payment of contributions due for March and April 2018 and Horton Electric failed to either submit reporting or pay contributions for these months.

32. The Trust Agreement provides that if an audit is made on the basis of reasonable cause to suspect underpayment and the audit finds underpayment the employer shall pay to the Trust Funds the actual costs of such audit.

33. Pursuant to the provisions of 29 U.S.C. § 1132 and pursuant to the terms of the Trust Funds' Trust Agreements, as amended, by reason of Horton Electric's failure to make payments by the due date, Horton Electric is obligated to pay liquidated damages to Plaintiff which, each month calculated as set forth under the provisions of the Trust Agreements.

34. The Trust Agreements of the Trust Funds further provide that, in the event an Employer fails to pay the underpayment disclosed by the audit, if any, then the employer shall be liable for all attorney fees and other expenses incurred in the collection of the underpayment. Plaintiffs are entitled to their reasonable attorney's fees incurred herein pursuant to the provisions of 29 U.S.C. § 1132 and pursuant to the terms of the Trust Agreements, as amended.

35. Plaintiffs are entitled to an Interlocutory Order of the Court requiring Defendant to produce all books and records of Horton Electric LLC which are necessary for Plaintiff's auditor to complete a full and accurate audit.

## THIRD CLAIM FOR RELIEF
## (PENDANT CLAIM FOR BREACH OF CONTRACT)

36. Plaintiffs re-allege paragraphs 1 through 35 above as if fully set forth herein.

37. The CBAs provide that the Audit Committee shall enforce collection of, and Horton Electric shall collect by wage withholding and forward to the Audit Committee's collection agent, certain amounts due to employees for union dues, Political Action Committee contributions, and for vacation funds.

38. The CBAs provide that Horton Electric shall pay to the Audit Committee's collection agent certain amounts due to employees for Administrative Fund contributions.

39. The amounts due for union dues, the Political Action Committee contributions, vacation funds, and the Administrative Fund are due and payable on the 15th day of the month following the month in which the hours were worked and wages were earned which form the basis of the calculation of the amounts due.

40. For the months of January and February 2018, Horton Electric reported but did not pay the wages withheld or the sums due for: union dues, the Political Action Committee contributions, vacation funds, and Administrative Funds in the amount of $1,071.60.

41. Pursuant to ORS 82.010 *et seq* monies which become due and owing bear interest at the rate of nine percent per annum. Interest accrues daily on the total amount due for PAC, union dues, vacation funds, and Administrative Funds at the rate of nine percent (9%) per annum. Plaintiff should be awarded interest on the balance due for wages withheld and/or due from the date due until Judgment is obtained at the rate of nine percent (9%) per annum or the sum of $38.73 calculated through June 20, 2018.

## FOURTH CLAIM FOR RELIEF

## (PENDANT CLAIM FOR BREACH OF CONTRACT)

42. Plaintiffs re-allege paragraphs 1 through 41 above as if fully set forth herein.

43. At all times material hereto, by virtue of the terms of the CBAs, Horton Electric agreed to comply with the terms and provisions of the Trust Agreements of the Trust Funds.

44. The Trust Agreements and Plaintiffs' policies provide that contributions for employee benefits for each calendar month are due on the 15th day of the month following the month in which the hours are worked and payment is delinquent if not

received by the close of business on the twentieth of the month. The Trust Agreements also provide that in the event that the contributions for employee benefits are delinquent, the delinquent employer becomes liable for liquidated damages, collection costs, and reasonable attorney fees and costs; and if payment remains outstanding on the last day of the month in which the contributions are due the employer become liable for interest on the outstanding contributions at the rate of 12% per annum from the date due until paid.

45. At the time the Trust Agreements and Plaintiffs' policies were written it was impractical and extremely difficult to fix the amount of damages or harm that would be caused to the Trust Funds by the failure of an employer to properly and timely pay contributions. The Trustees of the Trust Funds provided that in the event that contributions were paid but there is no payment of liquidated damages and interest suit may be filed for collection of the liquidated damages, interest and collection costs.

46. Horton Electric failed to pay contributions due and owing to the Trust Funds for the month of November, 2017, due December 15, 2018, until January 19, 2018, and was therefore, delinquent and breached the terms and provisions of the Trust Agreement, as amended.

47. As a result of Horton Electric 's delinquency and breach of the Trust Agreement, Horton Electric owes the Trust Funds the sum of $549.44 in liquidated damages. To date, Horton Electric has failed to pay this amount.

48. Based on the terms of the Trust Agreements, Plaintiff is also entitled to recover reasonable attorneys' fees and collection costs arising from the late payment of November 2017 contributions.

///

WHEREFORE, plaintiffs pray for judgment against Horton Electric as follows:

1. Under the First Claim for Relief from defendant Horton Electric

    a. For unpaid contributions in the amount of $6,744.22;

    b. For liquidated damages due arising from the non-payment of contributions in the sum or $183.82; and

    c. For interest arising from the late payment of calculated at the rate of 1% per month from the date payment was due for each month through the date payment is received or calculated in the amount of $173.80 through June 20, 2018.

2. Under the Second Claim for Relief against defendant Horton Electric:

    a. Plaintiffs seek an Interlocutory Order from the court requiring defendant Horton to allow Plaintiffs auditors access to Horton Electric's books and records for the purpose of determining what amounts, if any, are due for hours worked by Horton employees from March 1, 2018 to the present.

3. Under the Third Claim for Relief against defendant Horton Electric:

    a. For wage withholdings in the sum of $1,071.60; and

    b. For interest at the rate of nine percent per annum or calculated from the date each payment was due through June 20, 2018 in the total sum of $38.73.

4. Under the Fourth Claim for Relief against Defendant Horton Electric:

    a. For the liquidated damages arising from delinquent payment of November 2017 fringe benefit contributions in the sum of $549.44.

5.  Under all claims for relief above, for Plaintiff's reasonable attorney fees and costs and disbursements incurred herein.

DATED this  21st   day of June, 2018.

                                      BENNETT, HARTMAN, MORRIS & KAPLAN, LLP

                                      /s/ Linda J. Larkin
                                      Linda J. Larkin, OSB No. 792954
                                      Telephone:  503-227-4600
                                      E-Mail: larkinl@bennetthartman.com
                                      Attorney for All Plaintiff